IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **NORTHFIELD, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION 09-0575-WS-M |
| ) | |
| **THE UTILITIES BOARD OF THE CITY** ) | |
| **OF BAYOU LA BATRE, ALABAMA,** ) | |
| *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

This matter comes before the Court on plaintiff's Motion to Remand (doc. 8). The Motion has been briefed and is now ripe for disposition.

On July 31, 2009, plaintiff, Northfield, LLC, filed a Complaint in Mobile County Circuit Court against defendants, The Utilities Board of the City of Bayou La Batre, Alabama and Marlin Johnson, the Board's Executive Director. The crux of the Complaint is that "sewer impact fees" and "water impact fees" levied against Northfield by defendants are unauthorized and prohibited by applicable law. The Complaint identifies six causes of action, several of which arise under Alabama law or the Alabama Constitution.

On its face, the Complaint is not limited to state-law causes of action, but prominently asserts federal claims, as well. In particular, the Complaint states that defendants' conduct is prohibited by "federal law," and that "[t]his action is brought under and pursuant to the provisions of 42 U.S.C. § 1983, ... in that the ... fees complained of violated rights, privileges and immunities secured to the Plaintiff under the laws and Constitution of the United States." (Complaint, ¶¶ 1, 8.) Claim Three of the Complaint accuses defendants of taking plaintiff's property without just compensation, in violation of "the Fifth and Fourteenth Amendments to the United States Constitution." (*Id.*, ¶¶ 25-27.) Claim Four alleges that defendants singled plaintiff out for these fees, amounting to "unlawful discrimination in violation of the Equal Protection

Clause of the Fourteenth Amendment to the United States Constitution." (*Id.*, ¶ 33.) In light of these very specific claims arising under § 1983 and the U.S. Constitution, it is pellucidly clear that multiple causes of action pleaded in the Complaint arise under the Constitution, laws or treaties of the United States.

On the strength of the federal claims set forth in the Complaint, defendants filed a Notice of Removal (doc. 1) in this District Court. In their Notice, defendants maintained, *inter alia*, that federal question jurisdiction is proper because "[t]he Plaintiff alleges causes of action under 42 U.S.C. § 1983 for a violation of its Fifth and Fourteenth Amendment rights." (Doc. 1, ¶ 1.) Defendants further contended that these federal claims render the entire action (including the pendent state-law claims) removable. Plaintiff has now filed a Motion to Remand (doc. 8), seeking remand of this action to state court, as well as an award of costs and attorney's fees, on the theory that the Notice of Removal is "completely devoid of merit." (Doc. 8, at 4.)

Plaintiff's position in the Motion to Remand veers perilously close to frivolity. The premise of the Motion is that "there can be no federal question jurisdiction based upon the complaint filed by Plaintiff." (Doc. 8, at 1.) Yet plaintiff undermines this stance in the very next paragraph by acknowledging that the Complaint alleges "unlawful discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution." (*Id.* at 2.) This is an obvious basis for federal question jurisdiction. Under any rational reading of the Complaint, plaintiff is asserting claims against defendants "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This fact gives rise to federal question jurisdiction, as a matter of fundamental, black-letter law. *See Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998) ("federal-question jurisdiction may be based on a civil action alleging a violation of the Constitution"); *Washington v. Kirksey*, 811 F.2d 561, 563 (11th Cir. 1987) ("When a claim is based upon a constitutional provision, federal subject matter jurisdiction has been established provided the alleged claim is not wholly frivolous."); *Gibson v. Firestone*, 741 F.2d 1268, 1271 (11th Cir. 1984) (plaintiffs' allegations of deprivation of "their fourteenth amendment rights to due process and equal protection ... are adequate to invoke federal subject matter jurisdiction"). Given that the Complaint on its face sets forth causes of action under § 1983 for violations of the U.S. Constitution, federal question jurisdiction unquestionably lies here. Accordingly, this action was properly removable under the general federal-question

removal statute, which provides, "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

In the alternative, plaintiff states (with neither analysis nor citations to authority) in conclusory fashion as follows: "Plaintiff's state law claims play a far larger role than the 42 U.S.C. § 1983 claim and its state claims arguably parallel its § 1983 claims." (Doc. 8, at 4.) Even accepting this wholly unexplained prioritization of the relative importance of the federal and state claims, plaintiff leaves the Court guessing as to why it matters for removal purposes whether state-law claims "play a far larger role" than their federal counterparts. Of course, it is not the Court's responsibility to read counsel's minds or to flesh out undeveloped legal arguments for them. Nonetheless, construing plaintiffs' filing generously, it appears that they may be angling towards remand on grounds of state law predominance. It is true that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, ***may remand all matters in which State law predominates***." 28 U.S.C. § 1441(c) (emphasis added). But that section is inapplicable here. In particular, Northfield's federal causes of action are not "separate and independent" from its state-law claims, inasmuch as both sets of claims flow from a singular occurrence (*i.e.*, the levy of water and sewer impact fees on plaintiff). *See, e.g.*, *In re City of Mobile*, 75 F.3d 605, 608 (11th Cir. 1996) ("Where both federal and state causes of action are asserted as a result of a single wrong based on a common event or transaction, no separate and independent federal claim exists under section 1441(c)."); *Wilson v. Doss*, 2009 WL 2567950, *3 (M.D. Ala. Aug. 14, 2009) ("no separate and independent federal claim jurisdiction exists under section 1441(c) when both federal and state causes of action are asserted as a result of a single wrong"); *Holtzman v. B/E Aerospace, Inc.*, 2007 WL 3379763, *4 (S.D. Fla. Nov. 14, 2007) ("Where the state law claims are not separate and independent from the federal question claims, remand is inappropriate."). Therefore, the § 1441(c) remand option is not available here, as a matter of law. Nor has plaintiff come forward with any colorable basis why this Court should decline to exercise

supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(c).[1]

      For all of the foregoing reasons, the Court readily concludes that removal was proper and that plaintiff's objections are without merit.  The Motion to Remand (doc. 8) is **denied**.

      DONE and ORDERED this 9th day of November, 2009.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE

---

[1] Even if plaintiff had invoked § 1367(c), which it has not done, that section does not authorize remand of an entire case (*i.e.*, federal claims and supplemental state claims alike), but rather permits remand only of the pendent state-law claims.  *See City of Mobile*, 75 F.3d at 607 ("Section 1367(c) cannot be fairly read as bestowing on district courts the discretion to remand to a state court a case that includes a properly removed federal claim.").  And even if the plaintiff's state-law claims did predominate over its federal claims (which does not appear to be the case on any reasonable reading of the Complaint), the Court would nonetheless use its discretion to exercise supplemental jurisdiction over plaintiff's state-law claims in this matter, so as to avoid the wasteful and grossly inefficient prospect of splintering Northfield's claims between two fora, with parallel proceedings on the same underlying facts and issues being adjudicated concurrently in federal and state court.